**AMERICAN LAMB COMPANY, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant,**

and

**New Zealand Meat Producers Board, et al., Defendant-Intervenors.**

**Court No. 84–07–00952.**

United States Court of International Trade.

May 31, 1985.

Robert Wray Associates, Robert T. Wray, Washington, D.C., for plaintiffs.

Kilpatrick & Cody, Joseph W. Dorn and Martin McNerney, and John J. Rademacher, Gen. Counsel, Washington, D.C., for amicus curiae, American Farm Bureau Federation.

Lyn M. Schlitt, Gen. Counsel, Michael P. Mabile, Asst. Gen. Counsel, U.S. Intern. Trade Com'n, William E. Perry, Washington, D.C., for defendant.

Bronz & Farrell, Edward J. Farrell, Washington, D.C., for defendant-intervenors.

*Memorandum Opinion and Order*

DiCARLO, Judge.

Preliminary determination by the International Trade Commission under 19 U.S.C. § 1673b(a) that there was no "reasonable indication" that the domestic lamb industry was materially injured, or threatened with material injury, because of less than fair value sales of lamb meat from New Zealand is not in accordance with law where

conflicting evidence was weighed by the Commission. The action is remanded to the Commission for reconsideration in compliance with the standard of review articulated in *Republic Steel Corp. v. United States*, 8 CIT ——, 591 F.Supp. 640 (July 11, 1984), *reh'g denied*, 9 CIT ——, Slip Op. 85–27 (March 11, 1985) and *Jeanette Sheet Glass Corp. v. United States*, 9 CIT ——, 607 F.Supp. 123 (March 22, 1985).

Since New Zealand is no longer "a country under the Agreement," New Zealand is not entitled to an injury test in countervailing duty investigations and all issues relating to the Commission's countervailing duty determination are moot.

[Action remanded in part and dismissed in part.]

Plaintiffs, three domestic lamb producers, seek review of negative preliminary determinations by the International Trade Commission (Commission) issued in antidumping and countervailing duty investigations pursuant to sections 733(a) and 703(a) of the Tariff Act of 1930, as amended, 19 U.S.C. §§ 1673b(a) and 1671b(a) (1982).[1]

Plaintiffs filed a petition with the Commission and the U.S. Department of Commerce (Commerce) on April 18, 1984, alleging that the domestic lamb industry was materially injured, or threatened with material injury, because of less than fair value sales of lamb meat from New Zealand. 49 Fed.Reg. 17,828 (April 25, 1984).

Plaintiffs presented evidence of decreased prices for lamb, and of declining production of live lambs and increasing lamb and sheep slaughter, indicating a liquidation of herds. Plaintiffs alleged that importers of New Zealand lamb suppressed the prices of such meat in the United States.

During its preliminary investigation, the Commission received information from packers and producers of lamb meat, the United States Department of Agriculture, academic and trade association researchers, and intervenors.[2]

On May 25, 1984, after weighing the conflicting testimony, the Commission found, by a 4–2 vote, that there was no reasonable indication that the United States lamb industry was materially injured, or threatened with material injury, because of sales of lamb from New Zealand. *Lamb Meat from New Zealand*, Investigation Nos. 731–TA–188 (Preliminary), U.S.I.T.C. Public. No. 1534 (1984). This determination was published in the Federal Register on June 13, 1984. 49 Fed.Reg. 24,458 (1984).

Plaintiffs contend that the action must be remanded since the Commission weighed conflicting evidence in determining that there was no "reasonable indication" that the domestic industry was materially injured.

Plaintiffs rely upon *Republic Steel Corp. v. United States*, 8 CIT ——, 591 F.Supp. 640 (July 11, 1984), *reh'g denied*, 9 CIT ——, Slip Op. 85–27 (March 11, 1985) and *Jeanette Sheet Glass Corp. v. United States*, 9 CIT ——, 607 F.Supp. 123 (March 22, 1985). Both cases hold that the Commission may not weigh conflicting evidence in making a preliminary determination that material injury or the threat of material injury exists; in a preliminary investigation, the Commission's responsibility is simply to find whether any facts reasonably raise the possibility of injury.

---

**1.** On April 1, 1985, the United States Trade Representative declared that New Zealand is no longer "a country under the Agreement." 50 Fed.Reg. 13,111 (April 2, 1985). Thus, under section 701 of the Tariff Act of 1930, 19 U.S.C. § 1671 (1982), as amended by Trade and Tariff Act of 1984, Pub.L. 98–573, sec. 602(a), 98 Stat. 3024, New Zealand is no longer entitled to an injury test in countervailing duty investigations, and all issues relating to the Commission's countervailing duty determination, Investigation No. 701–TA–214 (Preliminary), are moot.

Plaintiffs filed a new countervailing duty petition with the Department of Commerce on March 26, 1985. *Lamb Meat from New Zealand: Initiation of Countervailing Duty Investigation*, 50 Fed.Reg. 15,949 (April 23, 1985).

**2.** Intervenors, respondents in the proceedings before the Commission, are the New Zealand Meat Producers Board, the Meat Export Development Co., and the New Zealand Lamb Co., an importer of New Zealand lamb.

These decisions were issued after the Commission made the preliminary determination challenged in this action.

At oral argument, counsel for defendant, conceding that the Commission weighed conflicting evidence in making its determination, said that *Republic Steel* and *Jeanette Sheet Glass* could not be distinguished from this case.

Defendant has invited the Court not to follow these decisions, acknowledging that if the Court followed *Republic Steel* and *Jeanette Sheet Glass* it would have to remand this action. It argues that 19 U.S.C. § 1673b permits the Commission to evaluate conflicting evidence at the preliminary determination and to dismiss a petition if there is clear and convincing evidence that there is no reasonable indication that an industry is, or is likely to be, injured by reason of alleged less than fair value imports.

Defendant's arguments have been rejected three times within the year by two judges of this Court with broad experience in this complex area of the law. Under these circumstances, *stare decisis* counsels the Court to follow the prior decisions. Defendant should address its arguments to our appellate court.

In accordance with the above, it is hereby

ORDERED that that part of plaintiffs' motion which challenges the Commission's determination in Investigation No. 701–TA–214 (Preliminary) is dismissed as moot; and it is further

ORDERED that the Commission's determination with respect to material injury or threat of material injury in Investigation No. 733–TA–188 (Preliminary) is remanded for reconsideration in conformity with the standard of review set forth in *Republic Steel* and *Jeanette Sheet Glass;* and it is further

ORDERED that the Commission shall report its findings and redetermination to this Court within 30 days after the date of entry of this order.