KRUPP STAHL A.G. AND KRUPP STEEL PRODUCTS, INC., PLAINTIFFS *v.* UNITED STATES, ET AL., DEFENDANTS, AND ALLEGHENY LUDLUM STEEL CORP., ET AL., DEFENDANT-INTERVENORS

Court No. 87–02–00199

(Decided April 19, 1991)

*Coudert Brothers* (*Milo G. Coerper, Robert A. Lipstein* and *Matthew P. Jaffe*), for plaintiffs.
*Stuart M. Gerson*, Assistant Attorney General, *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, (*Velta A. Melnbrencis*), for defendant.
*Collier, Shannon & Scott* (*Paul C. Rosenthal, Robin H. Gilbert* and *Mary T. Staley*), for defendant-intervenors.

OPINION

DiCARLO, *Judge*: Plaintiffs challenge assessment of antidumping duties for merchandise entered between a preliminary and final determination at the rate established in the preliminary determination. Both determinations occurred prior to the 1984 and 1986 amendments to the statute governing administrative reviews of antidumping orders ("section 751 reviews"). *See* Tariff Act of 1930 § 751, *as amended*, 19 U.S.C. § 1675(a) (1988). The Department of Commerce contends that since plaintiffs failed to request an administrative review, duties should be automatically assessed at the rate of estimated duties deposited at the time of entry. See 50 Fed. Reg. 32,556, 32,560 (1985) (codified as amended 19 C.F.R. § 353.22(e) (1990)). The Court finds the statute and regulations applicable to this action require Commerce to conduct an administrative review. Consequently, the action is remanded to Commerce for appropriate administrative action.

BACKGROUND

The merchandise, cold rolled stainless steel sheet, entered the United States between December 1982 and June 1983, which was between Commerce's preliminary and final determinations of sales at less than fair value in *Certain Stainless Steel Sheet and Strip Products from the*

*Federal Republic of Germany*, 48 Fed. Reg. 28,680 (1983) (final). In its preliminary determination, Commerce established an estimated duty rate of 27% *ad valorem* and required plaintiffs to deposit estimated duties when the merchandise entered the United States. *See* 19 C.F.R. § 353.39(e)(2) (1983) (current version at 19 C.F.R. § 353.15(a)(3)(ii) (1990)). Commerce's final determination resulted in an estimated duty rate of 7.76% *ad valorem* which plaintiffs were required to deposit for subsequent entries.

Under the statute and regulations then in effect, Commerce was required to begin an administrative review of plaintiffs' entries within 12 months of the publication of the antidumping order. 19 U.S.C. § 1675(a) (1982); 19 C.F.R. § 353.53(a) (1983). The purpose of an annual administrative review is to "establish [ ] the margins used to calculate the amount of duties to be assessed on merchandise entered during the * * * period under review." *Zenith Radio Corp. v. United States*, 1 Fed. Cir. (T) 74, 75, 710 F.2d 806, 808 (1983). The duty rates established in the review determination also set the rate importers must deposit on entries occurring after the review period and until Commerce completes the next annual review. *Id.* Prior to review the duties are merely estimated duties deposited on the entry of merchandise. In August 1983, Commerce initiated a section 751 review of plaintiffs' entries.

Before Commerce published the results of that review, however, Congress amended 19 U.S.C. § 1675(a) to provide that Commerce shall conduct a review of an antidumping duty order upon the request of an interested party. Trade and Tariff Act of 1984, Pub. L. No. 98–573, § 611(a)(2)(A), 98 Stat. 2948, 3031. The amendment applies only to investigations initiated on or after October 30, 1984, the effective date of the Act. *Id.* § 626(b)(1), 98 Stat. at 3042. This investigation was initiated prior to that date pursuant to a petition filed April 26, 1982.

On August 13, 1985, Commerce published regulations providing that in the absence of a request for review, antidumping duties will be assessed at the rate equal to the estimated duties deposited at the time of entry. See 50 Fed. Reg. at 32,560. On August 30, 1985, Commerce notified the parties that they must request a review of the entries or they would be liquidated at the 27% rate .

Plaintiffs requested the continuation of the review on October 18, 1985, but withdrew the request on July 25, 1986. On October 6, 1986, Commerce discontinued the review and directed Customs to liquidate the entries at the 27% preliminary estimated rate.

Subsequently in 1986, Congress amended the effective date provision of the 1984 amendment by adding that the 1984 amendment also applies to review investigations initiated pursuant to section 751 of the Tariff Act of 1930 as well as to final antidumping orders. *See* Tax Reform Act of 1986, Pub. L. No. 99–514 § 1886(b) (1), 100 Stat. 2085, 2922. Consequently, administrative reviews of both final orders and duty rates established in prior reviews will be initiated upon the request of an

interested party. The 1986 amendment did not explicitly state its effective date.

Plaintiffs bring this action claiming the regulation providing for liquidation at the 27% preliminary rate is void and without effect and sought an order directing Commerce to assess duties at the 7.76% rate established in the final dumping determination or a remand to Commerce to complete its administrative review of plaintiffs' entries. Because the Court finds the regulation does not apply to plaintiffs' entries, the Court does not address the validity of the automatic assessment regulation.

### DISCUSSION

The first issue is whether the Court has jurisdiction over this matter. Plaintiffs contend jurisdiction is proper under 28 U.S.C. § 1581(i) (1988), the court's residual jurisdiction provision. Commerce and intervenors argue the Court lacks jurisdiction under section 1581(i) since the Court would have had jurisdiction under 28 U.S.C. § 1581(c) (1988) had plaintiffs exhausted their administrative remedies by seeking a review. Plaintiffs counter that jurisdiction under section 1581(i) is proper because the regulation they challenge applies only when no review is requested, making section 1581(c) manifestly inadequate.

The analysis of jurisdiction under section 1581(i) "begins with the proposition that one who has been injured by agency action is presumptively entitled to judicial review." *Miller & Co. v. United States*, 8 CIT 281, 284, 598 F. Supp. 1126, 1129 (1984), *aff'd after further proceedings*, 5 Fed. Cir. (T) 122, 824 F.2d 961 (1987), *cert. denied*, 484 U.S. 1041 (1988). At oral argument, Commerce conceded that had plaintiffs requested a review, the final results of the review would have mooted the preliminary determination and, therefore, plaintiffs would possibly never get judicial review of the validity of the regulation. R. 34. In *Interredec, Inc. v. United States*, 11 CIT 45, 46 n.1, 652 F.Supp. 1550, 1552 n.1 (1987), the court held it had jurisdiction under 28 U.S.C. § 1581(i) where the plaintiffs challenged assessment at the estimated rate and the validity of the automatic assessment regulation. The Court follows *Interredec* and holds it has jurisdiction.

The next issue is whether plaintiffs' entries are governed by the automatic assessment regulation. In *Interredec*, the court addressed the effective dates of the 1984 and 1986 amendments to 19 U.S.C. § 1675(a). The plaintiffs in that case were notified on December 4, 1985 that they must request a review of their December 1984–November 1985 entries, which were subject to a 1973 antidumping order. *Interredec*, 11 CIT at 47, 652 F. Supp. at 1553. The plaintiffs did not make a timely request and Commerce took the position that the entries would be assessed at their deposit rate. *Id.* at 47, 652 F. Supp. at 1553–54. The plaintiffs subsequently requested a review, but Commerce issued an order to liquidate the entries at the deposit rate. *Id.* at 47, 652 F. Supp. at 1554. The plaintiffs then sought a preliminary injunction to prevent liquida-

tion while they challenged the validity of the automatic assessment regulation.

The court found the 1984 amendment did not apply to antidumping investigations initiated before October 30, 1984 and the 1986 amendment extended the 1984 amendment to section 751 reviews of existing antidumping orders when the review is begun after October 22, 1986, the date of enactment of the 1986 amendment. *Id.* at 50, 652 F. Supp. at 1556. In so doing, the court found that neither amendment is retroactive. *Id.* Since the merchandise was entered when the law required Commerce to automatically conduct reviews of antidumping orders issued prior to October 30, 1984, the court concluded the regulation did not apply to the plaintiffs' entries and Commerce was required to conduct a review without a request from the plaintiffs. *Id.* at 51, 652 F. Supp. at 1556.

Plaintiffs argue the Court should not follow *Interredec* because it involved a request for a preliminary injunction and, therefore, was not a decision on the merits. Supplemental Memorandum of Plaintiffs, 13. While *Interredec* was limited to determining the plaintiffs' likelihood of success on the merits, the court specifically addressed and conducted a detailed analysis of the effective dates of the 1984 and 1986 amendments. That analysis is directly relevant to the controversy presently before the Court. Commerce and intervenors argue *Interredec* is distinguishable for two related reasons. Commerce argues the plaintiffs in *Interredec* had a request for a review outstanding when the amendment became effective with respect to reviews of antidumping orders. According to Commerce, plaintiffs in this action are not entitled to a review because they withdrew their request and did not renew it after the 1986 amendment became effective. Intervenors argue regardless of the effective dates of the amendments, plaintiffs are not entitled to an administrative review because they affirmatively rejected that option. Defendant-Intervenors' Post-Hearing Brief, 2.

Regardless of plaintiffs' actions, Commerce was statutorily required to conduct a review of the entries within 12 months of the publication of the antidumping order. The *Interredec* court found that the amendments are not retroactive and, therefore, the regulation did not apply to the plaintiffs' entries. Consequently, the plaintiffs in that case were not required to make a request and the outstanding request was not determinative. *Interredec*, 11 CIT at 51, 652 F. Supp. at 1556. If the Court follows *Interredec*, plaintiffs' withdrawal of its request is not determinative because the automatic assessment regulation is inapplicable to these entries.

At oral argument, all of the parties conceded that if the Court follows the reasoning in *Interredec*, the Court would have to remand this action to Commerce. R. 42, 47 & 57. "[A]mong trial courts it is unusual for one judge to be bound by the decisions of another * * *." *Algoma Steel Corp. v. United States*, 865 F.2d 240, 243 (Fed. Cir. ), *cert. denied*, 109 S. Ct. 3244 (1989); *see generally* Nalls & Bardos, *Stare Decisis and the U.S.*

*Court of International Trade: Two Case Studies of a Perennial Issue*, 7th Annual Judicial Conference of the United States Court of International Trade, *reprinted in* 14 Fordham Int'l L.J. 139, 146 (1990–91). Nevertheless, absent unusual or exceptional circumstances, it would appear to be better practice for judges of this court to follow the prior opinions of the court. *See Fricker v. Town of Foster*, 596 F. Supp. 1353, 1356 (D.R.I. 1984).

None of the parties have advanced a sufficient reason for the Court not to follow *Interredec*. *Interredec* addressed an issue directly relevant to this action. Under these circumstances and in the interest of uniformity, stability and predictability, the Court follows the reasoning in *Interredec*. Parties unsatisfied with this conclusion should address their arguments to our appellate court. *See American Lamb Co. v. United States*, 9 CIT 260, 262, 611 F. Supp. 979, 981 (1985), *remanded with instructions to vacate on other grounds*, 4 Fed. Cir. (T) 47, 785 F.2d 994 (1986).

The Court also notes the 1986 amendment only amended the 1984 amendment. Therefore, if the 1986 amendment is retroactive, it would be retroactive only to October 30, 1984. Consequently, the 1986 amendment would not affect the outcome of this action since the entries and the order pre-date the 1984 amendment.

### Conclusion

The action is remanded to Commerce to conduct an administrative review of the entries. Liquidation remains suspended pending further action by the Court.